IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01567-PAB-BNB

SCOTT WEHRLEY,

Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

Defendant.

---

**ORDER**

---

This matter is before the Court on the Stipulated Motion to Dismiss ADEA Claim Only and with Prejudice [Docket No. 42] filed by plaintiff Scott Wehrley and defendant American Family Mutual Insurance Company ("American"). The parties request that the Court dismiss Mr. Wehrley's claim against American for an alleged violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"). The parties, however, fail to cite authority by which the Court may grant the motion.

In general, a plaintiff wishing to eliminate particular claims or issues, and not the entire action, should amend the complaint under Rule 15(a). *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004); *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 684, 687 (9th Cir. 2005) (Rule 15(a) rather than Rule 41 is the appropriate mechanism where a plaintiff desires to eliminate one or more, but less than all, of his claims against defendant); *Estate of Flake v. Hoskins*, 2001 WL 30649, at *1, n.1 (D. Kan. Jan. 11, 2001) ("The proper course to dismiss part

of an action is to ask for leave to amend the complaint”). Thus, the Court construes the parties’ motion to dismiss as an unopposed motion to amend the complaint under Rule 15 of the Federal Rules of Civil Procedure.

Rule 15(a) provides that, “after a responsive pleading has been served, a party may amend its pleading ‘only by leave of court or by written consent of the adverse party,’” and “leave shall be freely given when justice so requires.” Fed. R. Civ. P. 15(a); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Rule 15 instructs that courts should grant the ability to amend in the absence of undue delay, prejudice, futility, or bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

In the present case, the Court finds no reason to deny plaintiff leave to amend his complaint in order to drop his ADEA claim against American. There has been no undue delay, prejudice or dilatory motive on behalf of plaintiff, and defendant does not oppose plaintiff’s motion.

Accordingly, it is

**ORDERED** that the Stipulated Motion to Dismiss ADEA Claim Only and with Prejudice [Docket No. 42] is **CONVERTED** into a Rule 15 Motion to Amend and is **GRANTED.** It is further

**ORDERED** that plaintiff is granted leave to amend the complaint to eliminate his claim of a violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*.

DATED November 29, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge